UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MARKEL AMERICAN INSURANCE          *          CIVIL ACTION: 2:12-cv-02018
COMPANY                                               *
                                                               *          JUDGE:
VERSUS                                                *
                                                               *          MAGISTRATE:
DAWARD JONES,                                 *
ATCHAFALAYA BIG RIVER AIRBOAT     *
TRANSPORTATION, INC.,                       *
ES&H, INC. AND                                    *
ASHLAND SERVICES, LLC                     *
                                                               *
*************************************************************************

## COMPLAINT

**(For Declaratory Judgment on Insurance Policy)**

**Markel American Insurance Company** ("MAIC"), seeking Declaratory Judgment on

its insurance policy, says:

### PARTIES

1.

**Markel American Insurance Company** is an insurer incorporated in the State of

Virginia, where it maintains its principal place of business.

2.

Defendants are:

a.   **Daward Jones**, a domiciliary and citizen of the State of Louisiana;

b.   **Atchafalaya Big River Airboat Transportation, Inc.**, a corporation incorporated and domiciled in, and a citizen of the State of Louisiana, in which it maintains its principal place of business;

c.   **ES& H, Inc.**, a corporation incorporated in and domiciled in, and a citizen of the State of Louisiana, in which it maintains its principal place of business;

d.   **Ashland Services, LLC**, a limited liability corporation, incorporated in and domiciled in, and a citizen of the State of Louisiana, in which it maintains its principal place of business.

## JURISDICTION

3.

This Court has jurisdiction under *28 U.S.C. 1332,* because the matter in controversy exceeds $75,000.00, exclusive of interest, attorney fees and costs, and the matter in controversy is between citizens of different states; and under *28 U.S*.C. 1338, because the underlying action arises under General Maritime law and the MAIC policy at issue is a maritime insurance contract; and under *28 U.S.C. 2201* for declaratory judgment to determine an actual controversy between the parties.

## VENUE

4.

Venue is proper pursuant to *28 U.S.C. 1391 (a)* because this is the venue of the underlying litigation out of which issues of coverage under MAIC's policy arise; because all interested parties are before the court in the underlying litigation and subject to service of process; and because this venue is where a substantial part of the events giving rise to this intervention arise.

**FACTS UNDERLYING THE DISPUTE**

5.

Jones filed suit against ES&H and Ashland, then added Atchafalaya Big River Airboat Transportation, Inc. ("Atchafalaya") by Amended Complaint, alleging that he sustained personal injuries in an accident while serving as a deck hand and member of the crew of an unnamed vessel managed, operated, controlled, and crewed by ES&H and Ashland, his employers, operating out of the Port of Pascagoula, the connecting waterways of Mississippi, Louisiana, and the Gulf of Mexico. See CIVIL ACTION: 2:11-CV-01842 "F-2" on the docket of the United States District Court for the Eastern District of Louisiana ("Underlying Lawsuit").

6.

In his Amended Complaint impleading Atchafalaya in the Underlying Lawsuit, Jones alleges that Atchafalaya was the employer of Captain Steven Miguez and supervisory personnel aboard the vessel upon which he had been injured.

7.

Jones' claims sound in damages for negligence and unseaworthiness the under Jones Act, the General Maritime law of the United States, and for maintenance and cure.

8.

For details of Jones' claims, reference is made to his Complaint and his Amended Complaint in the Underlying Lawsuit.

9.

MAIC is informed and believes that the unnamed vessel on which Jones was allegedly a member of the crew when he was allegedly injured was owned by Atchafalaya, and insured under MAIC's Commercial Watercraft Insurance Policy number CM2012497, issued to and insuring Atchafalaya for the period 4/30/10 to 4/30/11, for "WATERCRAFT LIABILITY-BI & PD EXCL CREW BI & PD."

10.

Under 2. DEFINITIONS D. "Insured Person" means "You (Atchafalaya) or any person who may operate the Insured Watercraft with Your permission. Insured Person does not include:

> i.   Any person or organization which rents, charters, hires or leases the
>       Insured Watercraft;
>       ***
> iii.  Any paid captain or paid crew."

11.

The vessels listed on the Watercraft Declarations Page of the policy are, respectively, "a 1998 ROBICHEAUX 16' FVBMKS78B898 1992 CHEVROLET 425HP" AND A "1982 GEO MARINE 30' LAZ498631582 HONDA 225 HP TWIN."

12.

MAIC's policy contains an "OTHER INSURANCE" clause, which reads as follows:

> "This Policy is excess over any other valid and collectible
> insurance.  If You have other valid and collectible insurance, this
> Policy shall not provide coverage until the limits of any other
> insurance have been exhausted."

13.

MAIC's policy contains the following WARRANTIES clause:

> 5. WARRANTIES
>
> You make the following warranties on which We rely in issuing
> this Policy:
>
> A. NAVIGATION AND GEOGRAPHIC LIMITS: This Policy
> covers only damage or loss which occurs within the navigation
> limits indicated on the Declarations Page and, unless otherwise
> stated, no more than 25 miles offshore. . . . If the Insured Person
> breaches the navigation or geographic limits of this Policy,
> coverage shall be suspended and void until the Insured Watercraft
> returns to the navigation or geographic limits provided in the
> Policy.
>
> B. SEAWORTHINESS AT INCEPTION. You warrant that the
> Insured Watercraft is in all particulars fit for its intended use and
> Seaworthy at the inception of the Policy. If the Insured Watercraft
> is not Seaworthy in any way at inception of the Policy, this Policy
> shall be void at inception in its entirety and We shall return to You
> all premium paid for the Policy. Any condition of the Insured
> Watercraft's unseaworthiness existing at the inception of the
> Policy shall render this Policy void even if it did not directly or
> indirectly cause any damage or loss claimed under the coverages
> afforded by this Policy.
>
> C. CONTINUING WARRANTY OF SEAWORTHINESS: You
> warrant that the Insured Watercraft shall be maintained in a
> Seaworthy condition during the entire Policy period, Any breach of

this continuing warranty to exercise reasonable care to maintain the Insured Watercraft in a Seaworthy condition will render coverage void for any damage or loss claimed under this Policy where such condition or conditions of unseaworthiness directly or indirectly caused or contributed to any damage or loss for which You make claim.

14.

MAIC's policy contains on its Declarations Page the following Navigational Limitations:

"INLAND LAKES, RIVERS AND INTRA COASTAL WATERWAYS OF USA (EXCLUDING GREAT LAKES, & TRIB. LAKES MEAD, POWELL AND TAHOE AND FOX RIVER-CHAIN LAKES, IL)"

15.

MAIC's policy contains the following EXCLUSIONS from coverage:

5. EXCLUSIONS
We do not provide liability coverage for:
* * *
M.  Bodily injury to any employee of any Insured Person arising out of or in the course of employment;

N.   Any obligation for which an Insured Person or the Insured Watercraft may be liable under the Longshoreman's and Harbor Worker's Compensation Act or any workers' compensation, disability benefits or unemployment compensation law or any similar law;

O.   Any obligation for which any Insured Person or the Insured Watercraft may be liable to paid captain or paid crew as defined under the Jones Act or General Maritime Law, including seaman's remedies for negligence, unseaworthiness or maintenance and cure;

16.

MAIC's policy contains the following MEDICAL PAYMENTS EXCLUSION:

3.  EXCLUSIONS
    We do not provide Medical Payments coverage for:

    A.  Bodily injury to a paid captain, paid crew or any employee
        serving on the Insured Watercraft;

17.

MAIC seeks a determination as to whether:

A.  The vessel on which Jones claims to have been injured was or was not an
    insured vessel under its policy;

B.  Whether any party is an insured under its policy for the accident and
    injuries of which Jones complains;

C.  Whether Jones was an employee of any Insured Person, and  one for
    whom bodily injury arising out of his course of employment is not
    covered;

D.  Whether Jones was "paid crew" and therefore one for whom the policy
    affords no coverage under the Jones Act, General Maritime law, including
    seaman's remedies for negligence, unseaworthiness or maintenance and
    cure, or medical benefits;

E.  Whether the Navigation and Geographic Limits warranty of the policy was
    breached, barring coverage for the accident and injuries sued upon;

F.  Whether the SEAWORTHINESS AT INCEPTION warranty was
    breached, barring coverage for the accident and injuries sued upon;

G.  Whether the CONTINUING WARRANTY OF SEAWORTHINESS was

breached, barring coverage for the accident and injuries sued upon;

H.  Whether under the allegations of the pleadings MAIC's policy affords no

coverage for the alleged accident and resulting injuries;

I.  Whether under the facts MAIC's policy affords no coverage for the

alleged accident and resulting injuries;

J.  Whether MAIC is or may become liable to anyone for defense of or in

indemnity for the claims Jones has alleged in the Underlying Lawsuit.

WHEREFORE, MAIC prays for this Court to determine and adjudicate the rights and

liabilities of MAIC and the defendants under MAIC's policy, and to declare whether the policy

insures anyone for the losses and damages claimed by Jones, and whether under the pleadings or

the facts Markel has any obligation to defend anyone or to indemnify anyone for the losses and

damages claimed by Jones in the Underlying Lawsuit.

BIENVENU, FOSTER, RYAN & O'BANNON, LLC

*/s/ John W. Waters, Jr.*

BY:  _____

JOHN W. WATERS, JR. (#13258) - T.A.
1010 Common Street, Suite 2200
New Orleans, LA 70112-2455
(504) 310-1500
Fax:    (504) 310-1606 / (504) 310-1501
jwaters@bfrob.com